**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INVESTMENT PROPERTY REALTY GROUP, LLC;<br><br>*Plaintiff*,<br><br>v.<br><br>BLOCK REAL ESTATE GROUP LLC, SEAN MASHIHI, GABRIEL KATES, DANIEL SHAWAH, and SERGE SARKISIAN;<br><br>*Defendants*. | 22-cv-_____<br><br>**[PROPOSED]**<br>**ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Upon the Summons and Verified Complaint of Plaintiff Investment Property Realty Group, LLC ("IPRG") against Defendants Block Real Estate Group LLC, Sean Mashihi, Gabriel Kates, Daniel Shawah, and Serge Sarkisian, and the exhibits attached thereto; the October 19, 2022 Declaration of Craig M. Flanders, Esq., and exhibits attached thereto, the October 19, 2022 Declaration of Derek S. Bestreich and exhibits attached thereto; and the accompanying October 20, 2022 Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, and good and sufficient reason appearing, it is

**ORDERED** that Defendants or their attorneys show cause at a hearing before this Court, at Courtroom _____, U.S. Courthouse, 500 Pearl Street, New York, New York, on October ____, 2022 at _____ a.m./p.m., or as soon after as counsel can be heard, why the Court should why a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) and the Court's inherent power to order such equitable relief pending a trial in this matter should not be issued enjoining each of the Defendants, as well as their employers, agents, employees, contractors, affiliates, subsidiaries, parents, and all persons acting in concert with any of them, from:

1

1. directly or indirectly accessing, using, copying, publishing, disclosing, discriminating, appropriating, transferring, alienating, licensing, or selling IPRG's proprietary, confidential, and trade secret information or other confidential proprietary information, including any information forming all or part of the IPRG's 'shared information database' and any other information that may be determined not to be trade secret information and from obtaining any commercial advantage or unjust enrichment from their misappropriation of IPRG's proprietary, confidential, and/or trade secret information through any other acts;

2. soliciting IPRG employees or independent contractors to terminate their relationship with IPRG or otherwise interfering with IPRG's relationship with their employees or independent contractors; and

3. during the pendency of this action from destroying, manipulating, or otherwise altering any evidence, including evidence that may reside on (or be embodied by changes to) any computer system, network, or other electronic means of data storage or transfer, relating in any way to the matters alleged in this Verified Complaint.

**ORDERED** that because IPRG may suffer immediate and irreparable harm unless, pending the hearing of the motion brought on by this Order to Show Cause, a temporary restraining order is issued, providing the relief requested by IPRG on this Motion for a preliminary injunction under Federal Rule of Civil Procedure 65(b), that until the hearing and determination of Plaintiff's motion for preliminary injunction Defendants, as well as their employers, agents, employees, contractors, affiliates, subsidiaries, parents, and all persons acting in concert with them, from:

1. directly or indirectly accessing, using, copying, publishing, disclosing, discriminating, appropriating, transferring, alienating, licensing, or selling IPRG's proprietary, confidential, and trade secret information or other confidential proprietary information, including

any information forming all or part of the IPRG's 'shared information database' and any other information that may be determined not to be trade secret information and from obtaining any commercial advantage or unjust enrichment from their misappropriation of IPRG's proprietary, confidential, and/or trade secret information through any other acts;

2. soliciting IPRG employees or independent contractors to terminate their relationship with IPRG or otherwise interfering with IPRG's relationship with their employees or independent contractors; and

3. soliciting IPRG actual or potential clients for real estate brokerage business in the New York City, New York;

4. destroying, manipulating, or otherwise altering any evidence, including evidence that may reside on (or be embodied by changes to) any computer system, network, or other electronic means of data storage or transfer, relating in any way to the matters alleged in this Verified Complaint;

**ORDERED**, Defendants shall within three (3) business days of this Order turn over a copy of all IPRG confidential information in their possession, custody, or control.

**ORDERED**, each of the Defendants each shall produce a sworn affidavit identifying: (i) each individual that Defendants have provided (or given access to) IPRG confidential and/or trade secret information (including the date such information was provided and description of information provided); (ii) every brokerage transaction (property address, buyer, seller, sale price, commission earned) the Defendants have engaged in since May 1, 2022; and (iii) the names of every existing property subject to an existing broker agreement with Block;

**ORDERED** that, pursuant Rules 26 and 34 of the Federal Rules of Civil Procedure and this Court's inherent authority Plaintiff shall be entitled to take a limited deposition (3) hours for

3

each of the Defendants, which topics shall be limited to the facts reasonably related to the pending request for preliminary injunction. Defendants shall appear for such depositions to be completed on or before October 31, 2022. The limitations are without limitation or waiver to re-take depositions of these individuals in the regular course of discovery pursuant to the Federal rules of Civil Procedure.

**ORDERED** that Plaintiff shall cause to be delivered of a copy of this Order and supporting papers by overnight delivery service and email to Defendants or Defendants' counsel no later than \_\_\_\_ p.m. on October \_\_\_, 2022, which shall be deemed good and sufficient service and notice thereof; and it is further

**ORDERED** that, Defendants shall file with the Court and serve any responsive papers by overnight delivery and email on IPRG's counsel, Craig Flanders, Esq., Blank Rome LLP, 1271 Avenue of the Americas, New York, New York 10020, craig.flanders@blankrome.com, on or before _____ a.m./p.m. on \_\_\_\_\_, 2022

**ORDERED**, Plaintiff shall file with the Court and serve any reply papers by overnight delivery and email on Defendants' counsel, on or before _____a.m./p.m. on November \_\_\_, 2022; and it is further

**ORDERED** that a hearing on Plaintiff's motion for preliminary injunction shall be held before the Court in this Courtroom \_\_\_\_, United States Courthouse, 500 Pearl Street, New York, New York, on November \_\_\_\_, 2022 at \_\_\_\_\_ a.m./p.m. and shall continue day to day until completed.

**SO ORDERED:**

_____
U.S.D.J.