

Edward C. Wipper<br>
1330 Avenue of the Americas, 23rd Floor<br>
New York, New York 10019<br>
Direct Dial:  646.593.7051<br>
Fax:  646.798.8902<br>
ewipper@beneschlaw.com

# MEMORANDUM ENDORSED

October 25, 2022

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/25/2022
```

**VIA ECF**
Hon. Gregory H. Woods
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 100007-1312

     Re: *Investment Property Realty Group, LLC v. Block Real Estate Group LLC, et al.*.  Case No. 1:22-cv-08943-GHW

Dear Judge Woods:

  This law firm represents defendant Block Real Estate Group LLC ("Block"), and its two-co-founders, defendant Sean Mashihi and defendant Gabriel Kates (collectively, the "Block Defendants") in the above-captioned matter.  We write jointly with counsel for defendant Serge Sarkisian to request three items in connection with the expedited discovery that has been ordered in advance of the preliminary injunction hearing.[1]

- A limited deposition of Plaintiff Investment Property Realty Group, LLC ("IPRG") concerning (i) the nature of the data that Plaintiff claims Defendants misappropriated, and (ii) how that data was compiled and prepared.

- A protective order that restricts use and dissemination of information exchanged in discovery and makes any information about any brokerage transactions for real estate deals that have not yet closed as attorneys' eyes only ("AEO") to protect against prejudice that could befall the Block Defendants and the prospective sellers of those properties.

- A protective order that requires the deposition of Block to run concurrently with the deposition of whichever one of its co-founders is designated as its corporate representative.

I.  *Limited Deposition of IPRG.*

  As the Court knows, its order dated October 20, 2022 (ECF No. 19, the "Order" directs each of the defendants appear for deposition on or before October 31, 2022.  But the Order does not provide for any discovery with respect to IPRG during this expedited-discovery stage of this

---

[1] Counsel for co-defendant Daniel Shawah is not joining in the application at this time because his counsel advises that doing so may interfere with their ongoing settlement negotiations with Plaintiff.

litigation. A limited deposition of IPRG is warranted because it is our understanding that the information allegedly misappropriated is, in fact, publicly available information about property owners in Brooklyn that was, at best, information merely compiled from the publicly-available information contained on the platform "PropertyShark." If this is the case, then this allegedly misappropriated information is not confidential, let alone a trade secret belonging to IPRG, and the Trade Secret Claim would be subject to dismissal thereby eliminating the Court's jurisdiction. Given that IPRG already has done the work necessary to file a complaint and emergency relief papers, it will not be prejudiced by also appearing for a short and limited deposition as is being required of defendants. In contrast, defendants will be prejudiced if they are unable to depose IPRG before submitting their opposition papers because the nature of the allegedly misappropriated data and how it was compiled and prepared is within IPRG's knowledge. Therefore, the Court should enter an order permitting a single, three-hour deposition of IPRG to take place before the November 10 hearing.

*II. Protective Order that Restricts Use and Dissemination of Information Exchanged in Discovery and Makes Anything About Live Transactions AEO.*

We also write seeking that the Court enter a protective order designating the discovery exchanged in this case be designated confidential, and ordering that it not be used or disseminated for any purpose other than in this litigation. We further request that the Court's order allow the defendants to designate as AEO any material that makes any disclosure about brokerage transactions that are in the pipeline, including properties with brokerage agreements that are not yet in contract or which have not closed (i.e., "live transactions"). Presently, the Order requires the defendants to disclose, among other things, "every brokerage transaction (property address, buyer, seller, sale price, commission earned) the Defendants have engaged in since May 1, 2022," and "the names of every existing property subject to an existing Broker agreement with Block[.]" Information concerning live transactions that are ongoing is competitively sensitive business to the Block Defendants and to the prospective sellers and could cause an undue burden, expense, and annoyance to both. As to the Block Defendants, if IPRG were to be able to access that information or publicly file it on the docket, there is a serious risk of competitive harm and competitive disadvantage to the Block Defendants, including but not limited to being exposed to the real risk that Plaintiff and others could use that information, among other things, to interfere with those deals and cause them to fall through. Additionally, it would be unfair to the prospective sellers who have not yet publicly announced that their properties are for sale and do not want that information in the market. Therefore, the Court should enter a protective order keeping information disclosed confidential and permitting the parties to designate any information about live transactions as AEO.

*III. A Protective Order for Concurrent Depositions of Block and Whichever Co-Founder Is Its Corporate Designee.*

In addition, we seek protective order with respect to the depositions ordered by the Court. The Order provides for a deposition of each Defendant to be held by October 31. Block has only two co-founders—Mr. Mashihi and Mr. Kates. Naturally, one of them will serve as Block's corporate representative. It is unlikely that there will be any information elicited during the individual deposition that will not also cover any issues for the corporate deposition of Block.

Nonetheless, to date, IPRG is insisting on taking nine full hours of deposition testimony; six hours of collective testimony from Mr. Mashihi and Mr. Kates and another three hours from one of them as Block's corporate representative. Thus, either Mr. Mashihi or Mr. Kates will be forced to sit for six hours of deposition testimony and redundant questioning or questioning that falls outside of the limited deposition topics that are relevant to this hearing. There is no reason that the deposition of Block cannot run concurrently with the deposition of whichever co-founder is its designee and both occur in the same three-hour block. Therefore, we seek a protective order limiting the deposition of Block and to run concurrently with the deposition of whichever co-founder is its designee.

We conferred with IPRG last night and it does not consent to the relief requested herein, except that it stated that it may be willing to enter into a protective order that does not provide for AEO protection but keeps the information exchanged confidential.

We thank the Court for its time and attention to this matter and are happy to discuss these requests at the Court's earlies convenience.

Respectfully submitted,

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

/s/

Edward C. Wipper

Attorneys for the Block Defendants

KISHNER MILLER HIMES P.C.

/s/

Jonathan Cohen,
Attorneys for Defendant Serge Sarkisian

Plaintiff is directed to file by no later than October 26, 2022 a letter setting forth its views regarding the letter motion for discovery submitted by Defendants Block Real Estate Group LLC, Sean Mashihi, and Gabriel Kates (together, the "Block Defendants") and Defendant Serge Sarkisian. *See* Dkt. No. 25. Any future discovery disputes should be described in a single, jointly composed letter submitted in accordance with the Court's Individual Rules of Practice in Civil Cases, in particular Rule 2(C)(ii).

Plaintiff, the Block Defendants, and Defendant Sarkisian are directed to promptly meet and confer and to submit any proposed protective order to the Court by no later than October 27, 2022. The parties are directed to comply with the Court's Individual Rules 4(D). That rule requires the submission of a cover letter, proposed protective order, and a blackline showing deviations, if any, from the Court's Model Protective Order.

SO ORDERED.

Dated: October 25, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge