UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INVESTMENT PROPERTY REALTY GROUP, LLC,

                            Plaintiff,

    v.

BLOCK REAL ESTATE GROUP LLC, SEAN MASHIHI, GABRIEL KATES, DANIEL SHAWAH, and SERGE SARKISIAN

                            Defendants.

Case No.: 1:22-cv-08943-GHW-VF

**MEMORANDUM OF LAW IN SUPPORT OF AN
ORDER TO SHOW CAUSE FOR KISHNER MILLER HIMES, P.C.
TO WITHDRAW AS COUNSEL OF RECORD
FOR DEFENDANT SERGE SARKISIAN**

 

Kishner Miller Himes P.C.
*Attorneys for Defendant*
*Serge Sarkisian*
40 Fulton Street, 12th Floor
New York, New York 10038
(212) 585-3425

**PRELIMINARY STATEMENT**

Kishner Miller Himes, P.C. ("KMH") respectfully submits this memorandum of law in support of its Order to Show Cause, pursuant to Local Civil Rule 1.4, to withdraw as counsel of record for Defendant Serge Sarkisian ("Sarkisian"). KMH is the attorney of record for Sarkisian in the above-captioned action.

Sarkisian, however, has failed to pay KMH for legal services rendered. Further, Sarkisian has failed to come to an agreement about payment to KMH for legal services rendered and those expected to be incurred in the future. Additionally, KMH has had breakdown in communicating with Sarkisian and KMH and Sarkisian have differences on how to proceed in this action.

Sarkisian and the other litigants will not be prejudiced by KMH's withdrawal as counsel and the case will not be delayed if the Court grants KMH's application.

There are currently no motions pending before the Court, issue has not yet been joined, and document discovery (in this case with what expects to be a limited number of documents) is in its infancy, the close of fact discovery is not until late April 2023, and a trial date has not yet been scheduled.

**STATEMENT OF FACTS**

The facts relevant to this motion are set forth in the supporting affidavit of Ryan O Miller, Esq. filed simultaneously herewith.

# ARGUMENT

## POINT I

### SARKISIAN HAS NOT PAID KMH'S INVOICES NOR HAS COME TO AN AGREEMENT ON HOW TO PAY HIS COUNSEL WHICH JUSTIFIES GRANTING LEAVE FOR KMH TO WITHDRAW

Under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York: "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar."

Accordingly, "[w]hen considering whether to grant a motion to dismiss, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

    **a.** **Sarkisian's failure to pay KMH's fees and costs and lack of an acceptable plan to pay KMH's fees and costs justifies granting leave to withdraw.**

Sarkisian's failure to pay legal fees in accordance with contractual arrangements warrants an order from this Court granting KMH leave to withdraw as counsel. *See* Local Civil Rule 1.4; *Police Officers for a Proper Promotional Process v. Port Auth. of New York and New Jersey*, No. 11 Civ. 7478 (LTS)(JCF), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012) (citation omitted) ("it is well-settled in the Eastern and Southern Districts of New York that nonpayment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463(CM)(GWG), 2009 WL

969925, at *2 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw."). "It is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *Melnick v. Press*, No. 06-cv-6686 (JFB)(ARL), 2009 WL 2824586, at *3 (E.D.N.Y. Aug. 28, 2009); *Team Obsolete Ltd. V. A.H.R.M.A. Ltd.*, 464 F.Supp.2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4"); *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, No. 03 Civ. 3038 (RMB), 2006 WL 1676485, at *1 (S.D.N.Y. Jun. 16, 2006) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw." (citation omitted)).

More specifically, applying Second Circuit law, courts in the Southern and Eastern districts have reiterated that non-payment of fees constitutes a "satisfactory reason" under Local Civil Rule 1.4 supporting an order granting withdrawal. See *Diarama Trading Co. In. v. J. Walter Thompson U.S.A. Inc.*, No 01 Civ. 2950 (DAB), 2005 WL 1963945 at *1 (S.D.N.Y. Aug 15, 2005) ("'Satisfactory reasons' include failure to pay legal fees."); *Cower v. Albany Law Sch. Of Union Univ.*, No. 04 Civ. 0643 (DAB), 2005 WL 1606057, at *5 (S.D.N.Y. Jul. 8, 2005) ("It is well settled that nonpayment of fees is a legitimate ground for granting counsel's motion to withdraw").

Accordingly, these courts conclude that "[c]ourts have uniformly granted motions to withdraw when attorneys allege non-payment of fees by their clients." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, No 95 Civ. 2144 (JGK), 1997 WL 109511, at *2 (S.D.N.Y Mar. 11, 1997), *reversed on other grounds by* 140 F.3d 442 (2d Cir. 1998).

In addition, courts in this district repeatedly have held that counsel should not be compelled to represent a client *pro bono*. *See, e.g., Cower*, 2005 WL 1606057, at *5 ("The Court cannot force Plaintiff's counsel to proceed *pro bono*."); *HCC, Inc. v. RH & M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 WL 411313, at *1 (S.D.N.Y. Jul. 20, 1998) (granting withdrawal and stating that it would not "impose on counsel an obligation to continue representing [corporate] defendants pro bono").

Here, Sarkisian has not paid his outstanding legal fees. Further, it has become clear that Sarkisian is unable to come to any acceptable agreement on how to pay KMH's current invoices and it has become clear that will continue on a going-forward basis for this matter. *See* Miller Aff. ¶¶ 6-7.

Consequently, there is good cause and it is justified to permit KMH to withdraw as counsel of record for Defendant Sarkisian.

      **b.**      **Withdrawing at this stage of the litigation would not unduly disrupt the existing case schedule.**

Where discovery has not yet closed and a case is not "on the verge of trial readiness," withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (quoting *Blue Angel Films*, 2011 WL 672245, at *2); *accord Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011).

Indeed, courts frequently grant motions to withdraw as counsel at much later stages of litigation—whereas here discovery has just started and issue has not yet been joined. *See* Miller Aff. ¶ 11; *See, e.g., D.E.A.R. Cinestudi*, 2006 WL 1676485, at *1-2 (granting counsel's motion to

withdraw due to lack of payment of fees where discovery was complete and trial was months away); *Spadola v. New York City Trans. Auth.*, No. 00 CIV 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002) (allowing counsel to withdraw where discovery had been completed and client had not paid outstanding legal fees because client "would not be unduly prejudiced by his counsel's withdrawal at this stage of litigation."); *Promotica of America, Inc. v. Johnson Grossfield, Inc.*, No. 98 CIV. 7414, 2000 WL 424184, at *1-2 (S.D.N.Y. Apr. 18, 2000) (granting motion to withdraw where discovery was closed and case was ready for trial); *Cf. Furlow v. City of New York*, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at *2 (S.D.N.Y. Mar. 22, 1993) (where document discovery was complete but depositions had not been taken, withdrawal permissible because "this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

Given the current posture of the case, this is a logical place in the proceedings to allow for the transition to new counsel or for Sarkisian to proceed *pro se*.

Such a transition would not prejudice Sarkisian at this time nor that of the other litigants.

## CONCLUSION

For all the foregoing reasons, KMH respectfully requests that the Court enter an order permitting KMH to withdraw as counsel of record for Sarkisian in this Action.

Dated: New York, New York
December 13, 2022

**KISHNER MILLER HIMES P.C.**
*Attorneys for Defendant Serge Sarkisian*

By: /s/   Ryan O. Miller
Ryan O. Miller, Esq.
40 Fulton Street, 12th Floor
New York, New York 10038
(212) 585-3425
kishner@kishnerlegal.com